# In The United States Court of Federal Claims

No. 12-507L

(Filed: January 24, 2013)

_____

ARTHUR P. BAILEY, JR. and
CATHY BAILEY, et al.,

        Plaintiffs,

  v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____

      The parties have stipulated that this action should be certified as a class action under RCFC 23. For the reasons that follow, the court agrees that this matter is properly certified as a class action.

      This case involves a railroad corridor or right-of-way extending from Bruce Junction, Mississippi, to Bruce, Mississippi, in Yalobusha and Calhoun Counties, Mississippi (the Railroad Line). On August 14, 2012, the named plaintiffs filed a complaint against the United States in this court for themselves and as representatives of a "class of similarly situated persons." The complaint alleges that the Surface Transportation Board (STB) issued a Notice of Interim Trail Use (NITU) concerning the Railroad Line. It further avers that the STB's issuance of the NITU interfered with property interests recognized under Mississippi law and, therefore, constitutes a taking of private property for public use pursuant to the Fifth Amendment to the United States Constitution.

      Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). Rule 23 of the Rules of the Court of Federal Claims (RCFC), as amended through July 2, 2012, provides as follows regarding the certification of class actions:

> **(a) Prerequisites**. One or more members of a class may sue as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to

the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

**(b) Class Actions Maintainable**. A class action may be maintained if RCFC 23(a) is satisfied and if: (1) [not used]; (2) the United States has acted or refused to act on grounds generally applicable to the class; and (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include: (A) the class members' interest in individually controlling the prosecution of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by class members; (C) [not used]; and (D) the likely difficulties in managing a class action.

As this court has noted, the requirements of RCFC 23(a) and (b) can be grouped into five categories: (i) **numerosity** – a class so large that joinder is impracticable; (ii) **commonality** – in terms of the presence of common questions of law or fact, the predominance of those questions, and the treatment received by the class members at the hands of the United States; (iii) **typicality** – that the named parties' claims are typical of the class; (iv) **adequacy** – relating to fair representation; and (v) **superiority** – that a class action is the fairest and most efficient way to resolve a given set of controversies.  *Barnes v. United States*, 68 Fed. Cl. 492, 494 (2005); *see also Douglas R. Bigelow Trust v. United States*, 97 Fed. Cl. 674, 676 (2011).  These requirements are in the conjunctive; hence, a failure to satisfy any one of them is fatal to class certification.  *See Douglas R. Bigelow Trust*, 97 Fed. Cl. at 676; *Testwuide v. United States*, 56 Fed. Cl. 755, 761 (2003); *see also Falcon*, 457 U.S. at 161 (making this observation as to the analogous Federal rule).[1]

It remains to apply the requirements of RCFC 23 to the facts in this case.  Plaintiffs bear the burden of establishing that the action satisfies these requirements.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997); *Barnes*, 68 Fed. Cl. at 495; *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (same rule with regard to the FRCP 23).  Here, the parties have agreed that the requirements for class treatment are satisfied.  And, indeed, the court finds that the requirements of RCFC 23(a) and (b) are met here, *to wit*:  (i) the class here is potentially large enough as to make joinder impracticable; (ii) there are obvious common questions of law or fact which predominate; (iii) the claims of the named parties appear to be typical of the class; (iv) there are no questions raised as to the adequacy of the representation of

---

[1] By way of guidance, the Committee Notes accompanying RCFC 23 indicate that, "[i]n the main," the rule adopts the criteria for certifying and maintaining a class action set forth in *Quinault Allottee Ass'n v. United States,* 453 F.2d 1272 (Ct. Cl. 1972).  However, to the extent that a direct conflict arises between *Quinault* and RCFC 23, RCFC 23 controls.  *See* RCFC 83(a); *see also Barnes*, 68 Fed. Cl. at 495.

- 3 -

the class; and (v) every indication is that a class action is the fairest and most efficient way to resolve at least some of the issues in this dispute. *See Singleton v. United States*, 92 Fed. Cl. 78, 86 (2010) (making similar findings in an analogous setting).

Based upon the foregoing, as well as the parties' stipulation, the court hereby determines that this case may be maintained as a class action. Per the parties' agreement, the plaintiff class shall consist of the following persons:

> All persons who, on January 20, 2012, owned an interest in lands constituting part of the railroad corridor or right-of-way on which a rail line was formerly operated by Mississippi & Skuna Valley Railroad, LLC between milepost 21.0 at Bruce Junction and milepost 0.0 at Bruce, in Yalobusha and Calhoun Counties, Mississippi, a distance of 21.0 miles, and who claim a taking of their rights to possession, control and enjoyment of such lands due to the operation of the "rail banking" provisions of the National Trails System Act, 16 U.S.C. § 1247(d). Excluded from this Class are the owners of land that abut segments of the subject right-of-way in which the railroad acquired a fee simple interest; railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt in to separate lawsuits against the United States for compensation for the same interests in land.

This class is certified for the purpose of determining whether the actions taken by the United States pursuant to the NTSA resulted in a taking of private property for which just compensation must be paid under the Fifth Amendment to the U.S. Constitution.

Counsel for the named plaintiffs, J. Robert Sears, of the firm of Baker Sterchi Cowden & Rice, L.L.C., shall be appointed Class Counsel in this matter under RCFC 23(g). Nothing in this order shall be construed to preclude the filing of an amended complaint adding additional named plaintiffs.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge